HANNAH MORIARTA, Appellant, *v.* WILLIAM S. McREA
AND MARGARET E. McREA, Respondents.

*Dower in a defeasible estate — is lost when the estate is defeated — what will defeat
the estate.*

Upon the trial of this action, brought by the plaintiff, as the widow of one
Peter Moriarta, to recover dower in certain lots of land, it appeared that the
lots were conveyed, in 1854, by perpetual leases, reserving rents, which gave
the lessees, their heirs and assigns, the right to have the said rents released,
acquitted and discharged upon the payment of a fixed sum named in each
lease. Subsequently the rights of the owner or lessor were assigned to various
persons, among them to the plaintiff's husband, who subsequently assigned
them by an instrument in writing, in which the plaintiff did not join, to one
Andrews, who shortly afterwards acquired the interests of the lessees and
subsequently conveyed the lots by warranty deed to the defendants.

*Held,* that, assuming that a perpetual rent is an incorporeal hereditament of
which a widow is entitled to be endowed, yet, as the estate of the lessor was
defeasible upon the payment of a fixed sum, the right to dower would be only
a right in a defeasible fee, and that whenever the estate should be defeated,
according to the terms of the original conveyance, the wife or widow, as the
case might be, would no longer have any right of dower therein.

That the purchase by the owner of the rents of the property on which the rents
were charged effected a merger and was equivalent to an actual payment of
the sums fixed by the leases, and defeated any claim that the plaintiff might
have to dower.

APPEAL from a judgment dismissing the plaintiff's complaint
entered upon the trial of the action at the Saratoga Special Term.

The action was brought for the admeasurement of the plaintiff's
alleged dower in certain premises owned and occupied by the
defendants in the village of Saratoga Springs. In 1854 Augustus
Bockes, being the owner of the premises in question, composed of
two lots of land, duly conveyed one of said lots to Alfred P. Mal-
lory and the other to Abram S. Tabor, in each case by grant in fee,
his wife uniting with him in the conveyance, reserving, however,
an annual rent to be paid to said Bockes, his heirs, executors,
administrators or assigns, with power of re-entry and repossession
in case of non-payment. Each grantee or tenant was also given
the right to pay a specified sum as purchase-money on any day on
which rent became due, in extinguishment of all future accruing
rents. In each case the annual rent reserved was equivalent to the

annual interest at seven per cent on the amount agreed upon as the purchase-price. In 1854 and 1855, Peter M. Moriarta, plaintiff's husband, acquired by assignment the grantor or landlord's interest in each of these grants or leases, and in 1856 he assigned the same to one Hall, the plaintiff not joining in such assignment. In 1858 Hall assigned his interest in said grants or leases to James M. Andrews, who soon thereafter acquired by conveyance or assignment all the interest of said Tabor and Mallory in said grants or leases, and the premises therein described. Andrews conveyed both lots in question, in 1869, to the defendants by warranty deed, and they went into possession of and still occupy the same.

*Esek Cowen*, for the appellant.

*P. C. Fort*, for the respondents.

LEARNED, P. J.:

We may assume, without deciding, that, as the plaintiff claims, a perpetual rent is an incorporeal hereditament of which a widow is entitled to be endowed. Then when Judge Bockes and his wife granted the land, reserving a perpetual rent, we may assume that, so long as this rent existed, Mrs. Bockes, if she survived, would be entitled to dower therein. But the estate of Judge Bockes in the rent was a defeasible fee; that is, it was defeasible by the payment of a certain gross sum — in the case of one lot, of $250, in the case of the other, $400. When, therefore, Judge Bockes and his wife conveyed the rent on the first lot to Safford, they conveye donly a defeasible fee therein ; and the right to dower of the wife of Safford (if he were married) would be a right only in a defeasible fee. Whenever that fee should be defeated according to the terms of the original conveyance, the wife or the widow, as the case might be, of Safford would no longer have any right of dower therein. Because the estate in which she had been entitled to dower, or to an inchoate right of dower, would have ceased. The same may be said of the subsequent conveyance to Peter Moriarta, and of the rights of his wife or widow, and also of the conveyance to him by Judge Bockes and his wife of the second lot.

When Peter Moriarta, conveyed the rent in both the lots, without having his wife join in the conveyance, she remained entitled to an

inchoate right of dower in the defeasible fee of the rents. And that fee might at any time have been defeated by the payment of the gross sum by the owner of the land charged to the holder of the estate in the rent. That such payment was to be made to the holder of the estate in fee is plainly expressed in the deeds. There was no actual payment of this gross sum, but an equivalent transaction took place. The owner of the rent became by purchase the owner of the property on which the rent was charged. This was a merger. And, furthermore, it became absurd to say that Andrews, the owner of the land, was to pay to himself, as the owner of the rent, the gross sum, upon the payment of which the rent was to be defeated The plaintiff might take the position that this transaction had rendered the redemption impossible, because Andrews could not pay to himself. But this would not be reasonable, for the parties could easily have arranged that the owner of the land should first redeem and then convey. The result would be practically the same with the present condition of things. We may illustrate this by supposing that the value of the first lot, as agreed between Andrews and Mallery, the owner of the land, if free of rent, was $1,000. Now the sum needed to redeem the rent of that lot was $250. Therefore Andrews would pay the owner for the land $750. This would be the same as if the owner Mallery had first redeemed and then received from Andrews $1,000.

The plaintiff insists that no such transaction could justly deprive her of her right of dower. It is true that it could not deprive her of anything she had. But the right of dower was never of a higher character than that of her husband's estate in the rent. That estate was always defeasible; so was her dower. This conclusion, it will be seen, depends on the circumstance that the estate in the rent was defeasible and was practically defeated. We have no occasion to decide what the rights of the plaintiff would have been if the estate in the rent had not been defeasible, when assigned by her husband; and if in other respects the facts had been as they are in the present case.

The judgment should be affirmed, with costs.

LANDON and WILLIAMS, JJ., concurred.

Judgment affirmed, with costs.